IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROY BONVILLE,

    Plaintiff,
v.                                            CASE NO. 4:15-cv-309-RH-GRJ

JULIE JONES, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on June 12, 2015, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and is proceeding pursuant to a First Amended Complaint. ECF No. 5. Because Plaintiff failed to either pay the $400.00 civil case filing fee or file a motion for leave to proceed as a pauper, the Court ordered him to do so by July 17, 2015. ECF No. 3. Plaintiff filed an IFP motion, ECF No. 4, but it is deficient because the Financial Certificate was not completed by an authorized official at Plaintiff's prison. The Court ordered Plaintiff to correct the deficiency by August 1, 2015. ECF No. 6. The Court granted Plaintiff's motion to extend the time to August 31, 2015. ECF No. 8. Plaintiff then requested another blank Prisoner Consent and Financial Certificate form, and the Court granted a further extension to September 30, 2015. ECF No. 13. On the same day that ECF No. 13 was entered, the Court received from Plaintiff a Prisoner Consent and Financial Certificate. ECF No. 14. However, the document was not completed by an authorized official at Plaintiff's prison and therefore it was stricken. ECF No. 15.

Plaintiff then filed ECF No. 16, a Prisoner Consent and Financial Certificate. Although the form was completed by an authorized prison official, the attached account

statement does not cover the relevant six-month period. Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(2), a prisoner seeking to bring a civil action *in forma pauperis* must submit "a certified copy of the trust fund account statement . . . for the *6-month period immediately preceding the filing of the comlaint[.]*" (Emphasis added). In this case, the Complaint was filed on June 12, 2015, and therefore the relevant six-month period is December 12, 2014 to June 12, 2015. The account statement filed by Plaintiff covers only the five-month period from March 7, 2015, to August 7, 2015.

It is necessary for Plaintiff to file a certified copy of his account statement for the relevant six month period of time so that the Court can accurately calculate the amount of the initial partial filing fee that Plaintiff will be required to pay. *See* 28 U.S.C. § 1915(a)(3)(b)(1) (Court is required to assess an initial partial filing fee of 20% of the greater of the prisoner's average monthly deposits or average monthely balance "for the six-month period *immediately preceding the filing of the complaint[.]*" )(Emphasis added). The uncertified account statements submitted by Plaintiff reflect that he likely has sufficient assets to pay an initial partial filing fee. *See* ECF No. 4 (reflecting account balance of $17.76 and average monthly balance and deposits of $130.00), and ECF No. 14 (reflecting account balance of $129.55 and average monthly balance and deposits of $174.10). The most recent account statement provided by Plaintiff, which covers only a five-month period and does not cover the period immediately preceding the filing of the Complaint on June 12, 2015, reflects a zero account balance and average monthly balance and deposits of $107.00. ECF No. 16.

Because Plaintiff failed to submit the six-month account statement required by statute, the Court ordered him to show cause as to why this case should not be

dismissed without prejudice for failure to either pay the $400.00 civil case filing fee or the correct financial documents to support his IFP motion. ECF No. 17. Plaintiff filed a response, ECF No. 18, stating that he has done all that he can to obtain the correct account statement from officials at his prison. Plaintiff has not attached any inmate request copies showing that he has requested an account statement for the correct six-month period. *See* ECF No. 4 (request dated 7/8/15 seeking account for "past six months," with inmate request response signed by prison official); ECF No. 14 (unsigned financial certificate with attached account statement from 2/1/15 to 8/19/15); ECF No. 16 (signed financial certificate with attached account statement from 3/7/15 to 8/7/15). The inmate request that Plaintiff submitted with ECF No. 16 reflects that Plaintiff requested a "6 month bank statement" but did not request a statement for the six months preceding the filing of this case (12/12/14 to 6/12/15).

Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." Plaintiff has been afforded ample opportunity to file the necessary account statement in support of his IFP motion. Plaintiff has not shown that his failure to obtain the correct account statement is due to any refusal to comply by prison officials. Under these circumstances, the undersigned concludes that the Complaint should be dismissed without prejudice to refiling and either paying the $400 civil case filing fee or a properly-supported IFP motion.[1]

In light of the foregoing, it is respectfully **RECOMMENDED:**

---

[1] The Complaint stems from an injury Plaintiff received on the recreation field at Wakulla CI in July 2013, and therefore dismissal of Plaintiff's claim will not prejudice timely re-filing.

That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to N.D. Fla. Loc. R. 5.1(H) and 28 U.S.C. § 1915(a)(3)(b)(i) because Plaintiff has failed to either pay the $400 civil case filing fee or a properly-supported IFP motion.

**IN CHAMBERS** at Gainesville, Florida, this 14th day of October 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**